IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| YUSUFU KUUMBA BEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 5:19-CV-236 (MTT) |
| | ) |
| GEORGIA DEPARTMENT OF CORRECTIONS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

United States Magistrate Judge Charles H. Weigle recommends denying Plaintiff Yusufu Bey's motion for a preliminary injunction regarding alleged First Amendment and Religious Land Use and Institutionalized Persons Act violations by the Defendants.[1] Doc. 57. The Plaintiff has objected. Docs. 58; 59; 60. Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed *de novo* the portions of the Recommendation to which the Plaintiff objects.

In his three objections, the Plaintiff makes certain arguments not stated in his previous filings. In his first objection, the Plaintiff states that "Warden Perry is being replaced and relieved from his duties as a warden. A new [warden] is said to be policy

---

[1] The First Amendment "requires government respect for, and noninterference with, the religious beliefs and practices of our Nation's people." *Cutter v. Wilkinson*, 544 U.S. 709, 719 (2005). RLUIPA protects "any exercise of religion, whether or not compelled by, or central to, a system of religious belief[.]" 42 US..C. § 2000cc-5(7)(A). The Plaintiff alleges that the Georgia Department of Corrections policy forbidding him from wearing his hair and 10−12" dreadlocks and the enforcement thereof violates his constitutional and statutory rights to practice his "indigenous heritage and custom" as a "Moorish American National." Doc. 1 at 3.

driven and will cause further damage to claimant" by requiring him to cut his hair, which is against his Rastafarian beliefs.[2]  Doc. 58.  In his second objection, the Plaintiff states that prison officers told him "to get a hair[cut] or they will do it for him, meaning they will cuff (handcuff) claimant, even if claimant refuses due to the mandates and religious beliefs [as a Rastafarian.]"  Docs. 59; 59-2.  In his third objection, the Plaintiff simply clarifies that his motion for a preliminary injunction "only relates to the religious claim[,]" not his other claims.  Doc. 60.  Nowhere does the Plaintiff state how short his hair would be cut.  *See generally* Docs. 58; 59; 60.

As stated by the Magistrate Judge, the Court must analyze the following factors before issuing a preliminary injunction:  "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest."  *Four Seasons Hotels & Resorts, B.V., v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003).  "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites."  *CBS Broad., Inc. v. Echostar Communc'n Corp.*, 265 F.3d 1193, 1200 (11th Cir. 2001) (citation omitted).

After review, it appears the Plaintiff is arguing only that a new warden will be "policy driven" and because certain officers threatened to cut his hair.  Docs. 58; 59; 59-2. As such, it is evident that the Plaintiff has not met his burden of clearly establishing the four requisites based on these two arguments.

---

[2] The Plaintiff did not state that cutting his hair violated his Rastafarian religious beliefs in his complaint. *See generally* Doc. 1.

The Court thus accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation (Doc. 57) is **ADOPTED** and made the Order of the Court.  Accordingly, the Plaintiff's motion for a preliminary injunction (Doc. 56) is **DENIED**.

**SO ORDERED,** this 29th day of July, 2020.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
