IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| YUSUFU KUUMBA BEY, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:19-CV-236 (MTT) |
| GEORGIA DEPARTMENT OF CORRECTIONS, *et al.*, | ) |
| Defendants. | ) |

# ORDER

United States Magistrate Judge Charles H. Weigle recommends denying Plaintiff Yusufu Kuumba Bey's motion to cease and desist and motion for summary judgment. (Docs. 64; 65). Doc. 100. The Magistrate Judge also recommends that the defendants' motions for summary judgment (Docs. 62; 79) be granted in part and denied in part so that only Bey's RLUIPA claim for injunctive relief remains. *Id*. The defendants have not objected to the Recommendation, but Bey has. Doc. 101. Pursuant to 28 US.C. § 636(b)(1), the Court has thoroughly considered Bey's objections and made a de novo determination of the portions of the Recommendation to which he objects.

A. Due Process

Bey objects to the Magistrate Judge's recommendation that his due process claims be dismissed. Doc. 101 at 2-17. However, Bey has not argued that Macon State Prison's Tier II facility posed an atypical and significant hardship. Rather, he appears to merely argue that the due process protections he received before and during

his placement within Tier II were inadequate.  *Id*.  The Fourteenth Amendment's due process clause protects an inmate's interest in avoiding a transfer to more adverse conditions only when those conditions impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005) (citing *Sandin v. Conner*, 515 U.S. 472 (1995)).  This Court has held multiple times "that the conditions within Macon State Prison's Tier II facility do not rise to the level of an atypical and significant hardship."  *Bradford v. Dozier*, 2018 WL 10534319, at *4 (M.D. Ga. Nov. 28, 2018) (citing *Maddox v. Owens*, 2018 WL 1513671, at *8 (M.D. Ga. Mar. 27, 2018)).  The Magistrate Court noted, and Bey does not contest, that he has failed to come forward with evidence that the conditions in the Tier II facility at Macon State Prison were an atypical or significant hardship in relation to general population.

As to his continued placement in Tier II, Bey does not appear to object to the Magistrate Judge's finding that he received meaningful periodic reviews while in the Tier II facility.  Docs. 100 at 21-22; 101 at 3, 12.  Bey argues instead that he was never supposed to be in Tier II in the first place.  This argument, however, is irrelevant to a claim for continued confinement in administrative segregation.  "Where an inmate is held for a prolonged or indefinite period of time due process requires that his situation be reviewed periodically in a meaningful way and by relevant standards to determine whether he should be retained in segregation or returned to population."  *Quintanilla v. Bryson*, 730 F. App'x 738, 744 (11th Cir. 2018) (citation omitted).  Bey does not contest that he received periodic reviews or that he consistently progressed to less restrictive phases, and eventually out of Tier II.  Accordingly, Bey's due process claims fail.

### B. Conditions of Confinement

Bey has objected to the Magistrate Judge's Recommendation concerning his conditions of confinement claim. Doc. 101 at 59-60. Regardless of whether Bey has come forward with sufficient evidence to survive summary judgment, however, he has not exhausted his administrative remedies concerning this claim. Bey filed grievance number 280227 and grieved, among other things, the conditions of his confinement in Tier II. Doc. 62-1 at 50. However, this grievance was denied at every level for containing more than one issue/incident. *Id*. at 48, 51. Because Bey's grievance was procedurally improper and its merits were not addressed, Bey failed to properly exhaust his administrative remedies. *See Johnson v. Meadows*, 418 F.3d 1152, 1159 (11th Cir. 2005) (holding that a prisoner's procedurally improper grievance did not constitute proper exhaustion as required by the Prison Litigation Reform Act).

Moreover, grievance 291116, a second grievance concerning the conditions in the Tier II facility, was signed by Bey on June 21, 2019 and received by prison staff on June 25, 2019. Doc. 62-1 at 60. Because the Court received Bey's lawsuit on June 14, 2019, grievance 291116 cannot have properly exhausted Bey's administrative remedies before he filed suit. *See Harris v. Garner*, 216 F.3d 970, 974 (11th Cir. 2000).

In his objection, Bey does not argue that he *properly* exhausted his available administrative remedies. Rather, he states the grievance system is unfair and that he exhausted the best he could without help. Doc. 101 at 58. Not only is this argument unpersuasive, but Bey's extensive grievance history undermines any argument that he could not properly exhaust his administrative remedies without assistance. Doc. 62-1 at

39. Accordingly, Bey's conditions of confinement claim fails because he did not properly exhaust his administrative remedies for that claim before filing suit.

### C. RLUIPA[1]

Although the Magistrate Judge has recommended allowing Bey's RLUIPA claim to proceed to trial, Bey objects to not prevailing at the summary judgment stage and receiving injunctive relief without going to trial. Doc. 101 at 60. While Bey has established a prima facie case, he has not proved as a matter of law that requiring his hair to be cut pursuant to the Georgia Department of Corrections' policy is not the least restrictive means to furthering a compelling government interest. *See Benning v. Georgia*, 845 F. Supp. 2d 1372, 1382 (M.D. Ga. 2012). Bey argues that he has proved his case because a Rastafarian prisoner in Louisiana is allowed to grow dreadlocks pursuant to his faith, a Jewish prisoner in a different Georgia prison is allowed to grow ear locks pursuant to his faith, Native Americans are allowed certain liberties pursuant to their faith, and women inmates within the Georgia Department of Corrections are not required to keep their hair short. Doc. 101 at 60-62. But Bey will not receive injunctive relief at the summary judgment stage based simply on the success of other litigants, especially when the cases he cites are all easily distinguishable.[2]

Accordingly, the Court agrees with the Magistrate Judge that viewing the evidence in the light most favorable to the defendants, a reasonable factfinder could find

---

[1] Bey has not objected to the Magistrate Judge's recommendation that his First Amendment claim be dismissed. Nonetheless, out of an abundance of caution, the Court reviewed the First Amendment portion of the Recommendation de novo. After review, the Court accepts and adopts the findings, conclusions, and recommendation of the Magistrate Judge.

[2] Liberally construed, Bey could be arguing that these examples show that less restrictive means are available to the defendants to achieve their compelling interests. Bey may make this argument at trial, but, based on the evidence before it, the Court cannot say as a matter of law that less restrictive means are available to the defendants.

that the defendants have provided the least restrictive means of furthering their prison interests by applying the grooming policy to Bey.  See Doc. 79-2.

### D. Conclusion

After review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation (Doc. 100) is adopted and made the Order of the Court.  Accordingly, Bey's motion to cease and desist and motion for summary judgment (Docs. 64; 65) are **DENIED**.  Further, the defendants' motions for summary judgment (Doc. 62; 79) are **GRANTED** in part and **DENIED** in part.  The motions are **GRANTED** as to Bey's First Amendment, Eighth Amendment, and due process claims, and those claims are **DISMISSED**.  The motions are **DENIED** as to Bey's RLUIPA claim, which will proceed to a bench trial.

**SO ORDERED**, this 27th day of August, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT