IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| YUSUFU KUUMBA BEY,            ) | |
|                                                       ) | |
|     Plaintiff,                   ) | |
|                                                       ) | |
| v.                                                ) | CIVIL ACTION NO. 5:19-CV-236 (MTT) |
|                                                       ) | |
| GEORGIA DEPARTMENT OF     ) | |
| CORRECTIONS,                         ) | |
|                                                       ) | |
|                                                       ) | |
|     Defendant.              ) | |

## ORDER

Plaintiff Yusufu Kuumba Bey moves the Court for reconsideration of its Order (Doc. 131) and Judgment (Doc. 132) entered for Defendant Georgia Department of Corrections. Doc. 134.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806 at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id*. "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

In addition to restating his prior arguments, Bey argues that (1) the "only thing [he] request[s] is to wear his locks pas[t] the grooming policy requirement of 3 inches," (2) the outcome would have been different if he had counsel, (3) the Court could have ordered his transfer to another facility, and (4) correctional officers are using force to cut his locks.  Doc. 134.  However, the Court—and Bey—clarified at trial that Bey's sole request was to grow his hair three feet or longer.  And in its Order, the Court reiterated that under RLUIPA, the Court can, and would, only consider Bey's proposed alternative.  *See, e.g.*, Doc. 131 at 2, 10.  Therefore, Bey's first assertion is incorrect, and his third argument is one he "failed to raise earlier" and is thus waived.  Next, Bey moved for the appointment of counsel early in litigation and that motion was denied.  Docs. 31; 33.  Finally, Bey's allegation that correctional officers are using force against him was not an issue for the Court.

Because Bey has failed to show that the Court made a clear error in its previous Order and Judgment (Docs. 131; 132), his motion for reconsideration (Doc. 134) is **DENIED**.

**SO ORDERED**, this 7th day of November, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
